## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### CASE NO.:

MARIE-PIERRE C. SHAFFER, an individual,

     Plaintiff,

v.

RENU REAL ESTATE FL, LLC,
a Florida limited liability company d/b/a
"RENU Property Mgt Florida LLC,"

     Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Marie-Pierre C. Shaffer, an individual, by and through her undersigned attorney, sues Defendant, RENU Real Estate FL, LLC, a Florida limited liability company, doing business as "RENU Property Mgt Florida, LLC," and alleges:

### GENERAL ALLEGATIONS

### *Preliminary Statement*

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit Reporting Act" ("the Act").  Plaintiff also asserts a state law claim for breach of contract.

1

## JURISDICTION

2.    The jurisdiction of this Court is established pursuant to 15 U.S.C §1681p and 28 U.S.C.§1367.

## ALLEGATIONS AS TO PARTIES

3.    At all times material hereto, Plaintiff, Marie-Pierre C. Shaffer ("Ms. Shaffer"), was *sui juris* and resident of Lafayette, Louisiana.

4.    At all times material hereto, Ms. Shaffer was a "consumer" as said term is defined under 15 U.S.C. §1681a(c).

5.    At all times material hereto, Experian Information Solutions, Inc. ("Experian"), was an Ohio corporation doing business in Polk County, Florida.

6.    At all times material hereto, Experian was a "consumer reporting agency" as said term is defined under 15 U.S.C. §1681(f).

7.    At all times material hereto, Experian was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §1681(d) to third parties.  One of Experian's products is its Experian RentBureau product which is used in relation to applications for apartments.

8.    At all times material hereto, Experian disburses such consumer reports to third parties under a contract for monetary compensation.

2

9.     At all times material hereto, Defendant RENU Real Estate FL, LLC ("Renu Management") was a Florida limited liability company doing business as RENU Property Mgt Florida, LLC in the State of Florida, more particularly in Polk County, Florida.

## FACT ALLEGATIONS

10.     Several years prior to the filing of the instant action, Ms. Shaffer entered into a residential lease agreement with Renu Management ("Lease").

11.     After the termination of the Lease, Renu Management sought to claim an unlawful liquidated damage fee ("Liquidated Damage") in excess of $10,000 that was not authorized under the Lease or applicable law.

12.     Ms. Shaffer did not owe any money to Renu Management under the Lease.

13.     As a result of the attempt by Renu Management to collect monies under the Lease, Ms. Shaffer filed or caused to be filed a class action Complaint for Damages and Incidental Relief in that certain case styled "*Marie-Pierre C. Shaffer v. Renu Property Mgmt, LLC, et al*., In the Circuit Court of the 10 th Judicial Circuit, in and for Polk County, Florida; Case No.: 53-2024-CA-000465" ("Renu Property Management Class Action").

14.     In the Renu Property Management Class Action, Ms. Shaffer brought claims on behalf of herself and all other persons similarly situated based on the

3

attempt by Renu Management to collect liquidated damages in a manner contrary to the Lease and the Florida Residential Landlord Tenant Act, Chapter 83, Florida Statutes.

15.    On February 11, 2025, the Court having jurisdiction of the Renu Property Management Class Action entered a Final Approval Order ("Final Approval Order").

16.    Pursuant to the Final Approval Order in the Renu Property Management Class Action, the Court adopted and approved the Stipulation and Settlement Agreement ("Settlement Agreement") between Ms. Shaffer and the Defendants on behalf of the Class more particularly described therein ("Class Action Settlement Agreement").

17.    As part of the bargained for exchange that was approved by the Court, pursuant to Paragraph 1.1 of the Class Action Settlement Agreement, Renu Management agreed not to report:

> "negative credit reporting tradelines as to any Class Member, including
> any Discharged Early Termination Fees as defined below, and
> directing Defendants to submit appropriate reports to consumer credit
> reporting agencies (each, a "CRA") requesting the deletion of negative
> credit reporting tradelines that have previously been submitted by

Defendants or their agents (including third party debt collectors) as to Class Members."

(“Consumer Reporting Amelioration Provision”)

18. Notwithstanding the Consumer Reporting Amelioration Provision and that Ms. Shaffer never owed any additional monies to Defendant, was never late in her payments and had performed all of her obligations under the Lease, after entry of the Final Approval Order, Renu Management reported negative information concerning the Lease to Experian (“Lease Agreement Derogatory Representations”).

19. The Lease Agreement Derogatory Representations to Experian included the following false and inaccurate information:

- Renu Management had written off $8,237 of a debt obligation under the Lease in April 2024; and

- that Ms. Shaffer was late in the payment of her rent in October 2022.

(collectively, “Lease Performance Representations”)

20. In addition to the Lease Performance Representations, Renu Management assigned a tenant rating of “9” (“Tenant Rating Representation”).

21. According to Experian, landlords such as Renu Management are allowed to assign a rating for tenants based on the landlord’s experience with the tenant. Experian explains the rating as follows in its consumer reports:

38. Rating — the tenant rating scale, based on payment history and ranges from 1 to 9, with 9 indicating the worst and 1 indicating the best tenant rating

22.    Through the assignment of a rating of 9, Renu Management essentially insured that Ms. Shaffer would be unable to obtain housing as she was classified as "*the worst*."

23.    Ms. Shaffer has disputed the false derogatory information of the Lease Performance Representations and Tenant Rating Representation concerning the Lease in writing to Experian ("Request for Reinvestigation").

24.    Upon receipt of the dispute by Ms. Shaffer from Experian, Renu Management failed to conduct a reasonable reinvestigation and continued to report derogatory information with respect to Landlord Tenant Reporting on the consumer report of Ms. Shaffer with respect to the Lease.

25.    As a result of the conduct, actions and inactions of Renu Management, Ms. Shaffer suffered actual damages, including extreme mental anguish and emotional distress, humiliation, and damage to her reputation as a tenant and for credit worthiness.

26.    The conduct, actions and inaction of Defendant was willful, rendering Defendant liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

6

## COUNT I - ACTION FOR WILLFUL VIOLATION OF
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQ.*

27.    This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*.

28.    Ms. Shaffer realleges and reincorporates herein by reference paragraphs 1 through 26 above as if set forth hereat in full.

29.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

30.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Ms. Shaffer.  The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

31.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher, such as Renu Management, must report the results to other agencies which were supplied such information.

32.    Renu Management violated 15 U.S.C. §1681s-2(b) by the publishing of the Lease Agreement Derogatory Representations; by failing to fully and improperly

investigate the dispute of Ms. Shaffer with respect to the Lease Agreement Derogatory Representations; by failing to review all relevant information regarding same and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

33.    As a result of the conduct, action and inaction of Renu Management, Ms. Shaffer suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

34.    The conduct, action and inaction of Renu Management was willful, rendering Renu Management liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681n.

35.    Ms. Shaffer is entitled to recover reasonable costs and attorney's fees from Renu Management in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff, Marie-Pierre C. Shaffer, demands judgment in her favor against Defendant, Renu Property Mgt, LLC, an Indiana limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT II - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*

36.    This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

37.    Ms. Shaffer realleges and incorporates herein by reference paragraphs 1 through 26 as if set forth hereat in full.

38.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

39.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Ms. Shaffer.  The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

40.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher, such as Renu Management, must report the results to other agencies which were supplied such information.

41.    After receiving the several notices of dispute from Experian, Renu Management negligently failed to conduct its reinvestigation in good faith with respect to each and every notice of dispute.

42.     A reasonable investigation would require a furnisher such as Renu Management to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.  With respect to Renu Management, Renu Management would have been able to readily and quickly confirm that Ms. Shaffer owed nothing under the Loan Agreement had it reviewed its business records.

43.     The conduct, action and inaction of Renu Management was negligent, entitling Ms. Shaffer to recover actual damages under 15 U.S.C. §1681o.

44.     As a result of the conduct, action and inaction of Renu Management, Ms. Shaffer suffered damages.

45.     Ms. Shaffer is entitled to recover reasonable attorney's fees and costs from Renu Management in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff, Marie-Pierre C. Shaffer, demands judgment in her favor against Defendant, Renu Property Mgt, LLC, an Indiana limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT III - ACTION FOR BREACH OF CONTRACT

46.     This is an action for breach of contract brought herein pursuant to the doctrine of pendent jurisdiction.

10

47. Ms. Shaffer realleges and incorporates herein by reference paragraphs 1 through 26 as if set forth hereat in full.

48. As a direct and proximate result of the continued reporting of the Lease to one or more consumer reporting agencies, including Experian, Renu Management has breached the Settlement Agreement.

49. The breach of the Settlement Agreement by Renu Management has damaged the credit and credit reputation of Ms. Shaffer.

50. Ms. Shaffer has performed all conditions precedent to the filing of the instant action.

51. Ms. Shaffer is entitled to recover reasonable attorney fees and costs from Renu Management in an amount to be determined by the Court pursuant to Paragraph 7.13 of the Settlement Agreement.

WHEREFORE, Plaintiff, Marie-Pierre C. Shaffer, demands judgment in her favor against Defendant, Renu Property Mgt, LLC, an Indiana limited liability company, for damages, together with attorney's fees and court costs.

## DEMAND FOR JURY TRIAL

Plaintiff, Marie-Pierre C. Shaffer, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

11

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No.: 717223
440 Premier Circle, Suite 240
Charlottesville, VA 22901
Telephone: (954) 763-8660
Fax: (954) 763-8607
rwmurphy@lawfirmmurphy.com
*Counsel for Plaintiff*